RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/18/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RICHARD D. BACA (#32038-051)    DOCKET NO. 13-CV-3250; SEC. P

VERSUS    JUDGE DEE D. DRELL

CHARLES SAMUELS, JR., ET AL.    MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Richard Baca, filed *in forma pauperis* and pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics[1]. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons, and he is incarcerated at the Federal Correctional Institution at Pollock, Louisiana. Plaintiff claims that his housing placement violates the equal protection that he is guaranteed under the United States Constitution. He names as defendants Charles Samuels, Jr., Jeffery Keller, Jose Santana, M. Carvajal, and K. Ask-Carlson.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff alleges that he is a "Spaniard/Native-American" inmate who is being discriminated against by the defendants.

---

[1] 403 U.S. 388, 297 (1971). Bivens is the counterpart to 42 U.S.C. §1983 that extends the protections afforded under §1983 to parties injured by federal actors. See Evans v. Ball, 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A Bivens action is analogous to an action under §1983-the only difference being that §1983 applies to constitutional violations by state, rather than federal officials"), overruled on other grounds, Castellano v. Fragozo, 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003), cert den'd, 543 U.S. (2004).

Specifically, Plaintiff alleges that, since his incarceration in 2007, he has been housed at a number of BOP facilities. At each facility in which Baca has been housed, he has "noticed that the BOP and its Regional Administrations are deliberately granting favoritism to particular ethnic groups of African American federal inmates through out the entire system who are natives of their own states"... "so that they can be closer to their homes and to enjoy associations with their families near by." Baca claims that there is a greater proportion of African-American inmates that are from Louisiana at Pollock, so they get to see their families, whereas Plaintiff, who is "Spaniard/Native-American" is from New Mexico, and cannot see his family at his present location. In addition to monetary damages, Plaintiff seeks an injunction ordering the BOP to transfer him to a facility in Colorado or Arizona, which would be closer to his hometown of Albuquerque, New Mexico.

### *Law and Analysis*

**1. Screening**

When a prisoner is allowed to proceed in forma pauperis in a suit against an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); <u>Ali v. Higgs</u>, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. See Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every pro se complaint. See Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe in forma pauperis complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if

given yet another opportunity to add more facts to the complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at 97. The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327 (1989).

In order to assert a claim for relief for the violation of federal constitutional rights under Bivens, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law. See West v. Atkins, 487 U.S. 42, 48 (1988) (elements of §1983 action); Evans v. Ball, 168 F.3d 856, 863 n. 10 (5th Cir. 1999).

2. **Due Process**

The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement. See Meachum v. Fano, 427 U.S. 215 (1976). Further, a prisoner has no liberty interest in being housed in any particular facility. See Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996). Thus, to the extent that Plaintiff alleges a violation of due process, his claim fails.

## 3. Equal Protection

Plaintiff claims that he has been subjected to a violation of the right to equal protection under the constitution. "The Fifth Amendment applies to the federal government a version of equal protection largely similar to that which governs the states under the Fourteenth Amendment." Rodriguez-Silva v. INS, 242 F.3d 243, 247 (5th Cir.2001); see also Richard v. Hinson, 70 F.3d 415, 417 (5th Cir.1995)("We employ the same test to evaluate alleged equal protection violations under the Fifth Amendment as we do under the Fourteenth Amendment")(citing Adarand Constructors, Inc. V. Pena, 515 U.S. 200,x 215-17 (1995))(other citation omitted).

Plaintiff complains that he is being housed at Pollock, or any prison far away from his home state, because of his heritage as a "Spaniard/Native-American," while a "greater proportion" of African Americans are housed in their home states. In order to state a claim, Baca must allege that he received treatment ***different*** from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent. See Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001) (per curiam). Discriminatory intent "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for *the purpose* of causing its adverse effect on an identifiable group...." Lavernia v. Lynaugh, 845 F.3d 493, 496 (5th Cir.1988) (emphasis in original) (internal quotation

marks, citations, and footnote omitted).

- Plaintiff makes a conclusory allegation that he is not housed in/near his home state *because* his heritage is Spanish and Native American. Plaintiff does not allege that **all** African American inmates are treated more favorably than Plaintiff by being housed in their home states. He does not allege, nor could he possibly show, that *all* or *only* African American inmates in the custody of the BOP are housed in or near their home states so that they can be closer to their families. He does he claim, nor could he prove, that every black inmate at Pollock is a resident of Louisiana, or that every black inmate at Pollock was assigned to that institution because of his race. Based on the facts alleged and the forgoing discussion, Plaintiff could possibly not show that he was treated **differently** from African American inmates as to the assigned state of incarceration.[2]

### Conclusion

Plaintiff's complaint clearly sets forth his claims for relief. No further amendment is necessary because the complaint, accepted as true, simply fails to state a claim for which relief may be granted and is frivolous. For the foregoing reasons, **IT IS**

---

[2] Incidentally, it is clear from Plaintiff's exhibits that he was transferred to FCI Pollock from FCI Butner because of numerous disciplinary infractions. Additionally, from September 7, 2012, to August 6, 2013, Plaintiff received seven infractions at FCI Pollock. [Doc. #1-3, p.8] Thus, it is evident that Plaintiff's housing is based on his disciplinary record, and not his heritage.

**RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 17th day of March, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE